Nannie E. Miles, Appellee, v. International Hotel Company, Appellant.

Gen. No. 23,758.     (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. CLINTON F. IRWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1917. Reversed. Opinion filed May 15, 1918. Rehearing denied May 28, 1918.

## Statement of the Case.

Action by Nannie E. Miles, plaintiff, against International Hotel Company, defendant, to recover the value of a trunk and its contents, alleged to have been accepted for storage by defendant and to have been lost by it. From a judgment for plaintiff for $1,097, defendant appeals. The facts involved are practically the same as those involved in *Miles v. International Hotel Co.*, 167 Ill. App. 440.

A. G. DICUS, for appellant.

THOMAS D. NASH and MICHAEL J. AHERN, for appellee.

MR. PRESIDING JUSTICE TAYLOR delivered the opinion of the court.

## Abstract of the Decision.

1. INNKEEPERS, § 6*—*what care in selection of employees and in caring for baggage shown.* In an action against a hotel company to recover for the loss of baggage stored with it, evidence *held* to show that defendant used normal business care and judgment in the selection and employment of the employees having charge of the baggage room, and that it exercised ordinary care in caring for the baggage.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

2. INNKEEPERS, § 6*—*when not required to use more than ordinary care as to baggage.* In an action against a hotel company to recover for the loss of baggage stored with it, a notice by defendant that baggage left with it will receive its "best attention * * * but in case of * * * damage of any kind, it will be at the risk of the owner," *held* not to demand of defendant either more or less than ordinary care.

3. INNKEEPERS, § 6*—*when burden not on defendant in action for damages for loss of baggage.* In an action against a hotel company to recover for the loss of baggage stored with it, the burden is not on defendant to show the precise circumstances surrounding the actual loss of the trunk.

4. INNKEEPERS, § 6*—*when verdict for plaintiff for loss of baggage not sustained.* In an action against a hotel company to recover for the loss of a trunk stored with it, where defendant shows its general practice in handling and keeping baggage and such practice is unobjectionable and shows that the employees who would, normally, take charge of the trunk were of good character and fit for their positions, and the only evidence to the contrary is the presumption arising from the loss of the trunk, a verdict for plaintiff cannot be sustained.

O'CONNOR, J., dissenting.